UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODRICK JONES,

                Plaintiff,                    Case No. 1:10-cv-414

v.                                          Honorable Robert J. Jonker

UNKNOWN WHITE,

                                                  **ORDER OF TRANSFER**

                Defendant.

_____/

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Gus Harrison Correctional Facility, though the action he complains of occurred in Isabella County. Plaintiff sues Michigan State Police Officer (unknown) White. In his *pro se* complaint, Plaintiff alleges that, on August 3, 2007, Defendant White stopped Plaintiff's vehicle without reason to believe Plaintiff had committed a moving violation. Plaintiff was charged with driving while his license was suspended or revoked, which was subsequently dismissed by the district court. The events giving rise to Plaintiff's action occurred in Isabella County, which is located within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a).

        Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant is a public official serving in Isabella County, and he "resides" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.

1972).  Plaintiff's allegations against Defendant arose in Isabella County, where Defendant allegedly committed the acts giving rise to this case.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  In these circumstances, venue is proper only in the Eastern District.  Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).  **It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) or 1915A.**

IT IS SO ORDERED.


Dated:  June 4, 2010                                     /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge