UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RODRICK JONES,

     Plaintiff,

v.                                                   Case No. 10-12308

STATE POLICE OFFICER WHITE,

     Defendant.
_____/

**ORDER DECLINING TO APPOINT COUNSEL AND
DENYING THE PETITION FOR AN ORDER DEFERRING
PAYMENT OF THE FEES AND COSTS FOR THIS ACTION**

**I. INTRODUCTION**

On April 26, 2010, Plaintiff Rodrick Jones initiated this action by filing a *pro se* complaint against a state trooper named White. Jones filed his complaint in the United States District Court for the Western District of Michigan, which permitted Jones to proceed without prepayment of the fees and costs for his complaint, but ordered him to pay an initial partial filing fee of $3.24 and to make subsequent interim payments until the full filing fee was paid in full.[1] The Western District of Michigan then transferred Jones's complaint to this district.

---

[1] Under the Prison Litigation Reform Act of 1995 (PLRA), a prisoner who cannot prepay the fees and costs for his or her civil action must pay the filing fee in installments, as outlined in 28 U.S.C. § 1915(b). A district court must assess an initial partial filing fee and subsequent monthly payments consisting of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §§ 1915(b)(1) and 1915(b)(2).

The complaint appeared to allege that, in August of 2007, defendant White stopped Jones for a traffic violation and then arrested Plaintiff for driving while his driver's license was suspended, revoked, or denied.  The charge was later dismissed. Jones claimed in his federal complaint that defendant White lacked a valid basis for stopping him and, therefore, his subsequent arrest was illegal and a violation of his right to due process.  On August 18, 2010, the court summarily dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim.

Currently pending before the court are Jones's "Petition for Order Deferring Payment of Counsel Ordered Charge Obligation in Above Enumerated [Case]" and his "Affidavit in Support of Motion of Petitioner['s] Mental Retardation and if Necessary Appoint Counsel Pursuant [to] 18 U.S.C. § 3006A [of the] Criminal Justice Act of 1964 for Effective Discovery on the Grounds Presented for[] Waiver of Fees."  Jones appears to be asking the court to appoint counsel for him and to defer payment of the costs of this action until he is released from prison.  In support of these requests, Jones states that he is mentally retarded, has an IQ of less than 40, and has a learning disability.  He appears to be claiming that, due to liens on his prison trust fund account to pay for his federal civil actions, the State allows him only $10.00 per week for living expenses.  He maintains that he needs more than $10.00 a week to purchase the personal items he needs.

## II.  DISCUSSION

Jones has no constitutional right to appointment of counsel in this civil action. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances."  *Id.* at 606.

This case has been closed for more than two years, and Jones has not alleged any exceptional circumstances justifying appointment of counsel now.

Further, the court cannot defer payment of the filing fee for this action. Prisoners are required to pay the full filing fee for their federal civil actions. 28 U.S.C. § 1915(b)(1). "When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). "By filing the complaint, the prisoner waives any objection to the fee assessment by the district court." *Id*. at 1132. The prisoner also waives any objection "to the withdrawal of funds from the trust fund account by prison officials to pay the prisoner's court fees and costs." *Id.* "Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed. Any subsequent dismissal of the case, even if voluntary, does not negate this financial responsibility." *Id*. at 1133–34.

Jones contends that he is being deprived of personal items which he needs due to the withdrawal of funds to pay for his civil actions in federal court. The PLRA, however, "does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time." *White v. Paskiewicz*, 89 F. App'x 582, 584 (6th Cir. 2004). And, because "prisoners are in the custody of the state and have the 'essentials of life' provided at government expense," the PLRA's fee provisions do "not result in any real hardship above that faced by the average citizen considering whether to bring a lawsuit." *Hampton v. Hobbs*, 106 F.3d 1281, 1285 (6th Cir. 1997). Accordingly,

IT IS ORDERED that Jones's petition for an order deferring payment of the court-

ordered fees for this case [Doc. No. 8] IS DENIED.

    IT IS FURTHER ORDERED that Jones's request for appointment of counsel [Doc. No. 7] IS DENIED.

                      s/Robert H. Cleland
                      ROBERT H. CLELAND
                      UNITED STATES DISTRICT JUDGE

Dated: October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

                      s/Lisa Wagner
                      Case Manager and Deputy Clerk
                      (313) 234-5522